Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ANTONIO ALDARONDO LUGO  **Peticionario**  V.  ANGELICA MARIE MOLINA RIVERA  **Recurrida** | TA2025CE00921 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Municipal de Vega Baja  Civil Núm. VB2025CV00790  Sobre: Desahucio por Incumplimiento |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

El 17 de diciembre de 2025, el Sr. Antonio Aldarondo Lugo (señor Aldarondo o el peticionario) compareció ante nos, por derecho propio, *in forma pauperis*, y solicitó la revisión de una *Orden* que se emitió y notificó el 8 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Municipal de Vega Baja (TPI). Mediante el aludido dictamen, el TPI expresó que el término que se dispuso en la Sentencia para el lanzamiento era de veinte (20) días.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

**I.**

El 25 de septiembre de 2025, el señor Aldarondo presentó una Demanda, por derecho propio, sobre desahucio en contra de la Sra. Angélica Marie Molina Rivera (señora Molina o la recurrida).[1] Así las cosas, el 14 de octubre de 2025, se celebró una vista. De la *Minuta* de esta vista surge que las partes comparecieron por derecho propio y presentaron sus respectivas posturas. Luego de que el TPI escuchó los testimonios de las partes, expresó que dejaría en suspenso su determinación hasta tanto el peticionario presentara una escritura de titularidad de la propiedad objeto de esta controversia en el término de cuarenta y ocho (48) horas. Asimismo, le apercibió al peticionario que, si no presentaba dicho documento, estaría desestimando el caso.

El señor Aldarondo no cumplió con la orden antes expuesta pese a que se le concedió plena oportunidad para ello, por lo tanto, el 6 de noviembre de 2025, el TPI emitió y notificó una *Sentencia* desestimando la Demanda, sin perjuicio, debido a que el peticionario no presentó los documentos necesarios para acreditar su capacidad y legitimación activa para presentar la reclamación de epígrafe.[2] Sin embargo, el 18 de noviembre de 2025, el peticionario presentó una *Moción por Derecho Propio* mediante la cual sometió una Resolución de Declaratoria de Herederos para acreditar su capacidad para presentar la presente causa de acción.[3] Evaluada la referida moción, el 21 de noviembre de 2025, el TPI emitió una *Orden* que se notificó el 24 de noviembre de 2025, en la cual reconsideró su determinación de desestimar la Demanda y señaló que se estaría emitiendo la correspondiente Sentencia.[4]

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.
[2] *Véase*, Entrada Núm. 16, SUMAC TPI.
[3] *Véase*, Entrada Núm. 21, SUMAC TPI.
[4] *Véase*, Entrada Núm. 25, SUMAC TPI.

Posteriormente, el 24 de noviembre de 2025, el TPI emitió una *Sentencia* que se notificó el 25 de noviembre de 2025.[5] Luego de realizar sus determinaciones de hechos y exponer el derecho aplicable, resolvió lo siguiente:

> Por lo antes expuesto, se declara Ha Lugar la demanda de desahucio. En virtud de ello, se ordena a la parte demandada a desalojar la propiedad y cualquier otra persona que ostente la misma. Evaluada la totalidad de las circunstancias del caso se ordena el desalojo en el término de veinte (20) días desde que la sentencia advenga final y firme. Se deja sin efecto la desestimación dictada el 6 de noviembre de 2025. Se impone la cantidad de $400.00 como fianza en apelación.

El mismo día de la notificación del referido dictamen, a saber, el 25 de noviembre de 2025, el peticionario, por derecho propio, presentó una *Moción de Expedición Urgente de Mandamiento de Lanzamiento*. En síntesis, solicitó que se procediera con un lanzamiento expedito. En respuesta, el 25 de noviembre de 2025, el TPI emitió una *Orden* que se notificó el 26 de noviembre de 2025 en la cual resolvió lo siguiente: "La sentencia no es final y firme aún. La parte demandada debe estar debidamente notificada y haber transcurrido el termino dispuesto en el Código de Enjuiciamiento Civil."

Posteriormente, el señor Aldarondo presentó varias mociones para que se ejecutara el lanzamiento inmediatamente.[6] El TPI atendió estas mociones y le expresó al peticionario que la sentencia advenía final y firme a los cinco días del archivo de autos de copia de la notificación de la Sentencia.[7] El peticionario continuó presentando mociones solicitando el lanzamiento inmediato.[8] Así las cosas, el 4 de diciembre de 2025, TPI emitió varias Ordenes que se notificaron el 5 de diciembre de 2025 mediante la cual declaró No

---

[5] *Véase*, Entrada Núm. 29, SUMAC TPI.
[6] *Véase*, Entradas Num. 32-34, SUMAC TPI.
[7] *Véase*, Entradas Num. 35-37, SUMAC TPI.
[8] *Véase*, Entradas Num. 38-41, SUMAC TPI.

Ha Lugar a todas las mociones presentadas por el señor Aldarondo.[9] Además, le indicó a este último que el término dispuesto en la Sentencia para el lanzamiento no había transcurrido. Sin embargo, el mismo 5 de diciembre de 2025, el señor Aldarondo presentó otras mociones mediante la cual siguió reiterando su solicitud de lanzamiento expedito.[10] Además, el 8 de diciembre de 2025, el señor Aldarondo presentó una solicitud de reconsideración.[11]

Atendidas las mociones presentadas, el 8 de diciembre de 2025, el TPI dictó y notificó dos (2) ordenes en las cuales resaltó que el término del lanzamiento dispuesto en la *Sentencia* era de veinte (20) días.[12]Además, ese mismo día, emitió una *Orden* que se notificó el 10 de diciembre de 2025, atendiendo la solicitud de reconsideración presentada y dispuso que no tenía nada que proveer y les hizo referencia a las órdenes del 8 de diciembre de 2025.[13] Aún inconforme, el 17 de diciembre de 2025, el señor Aldarondo presentó el recurso de epígrafe impugnando la determinación del TPI de no emitir el lanzamiento de forma inmediata. Particularmente, nos solicitó que ordenáramos el lanzamiento en un término no mayor de 24 a 72 horas.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005).

---

[9] *Véase,* Entradas Num. 42-45, SUMAC TPI.
[10] *Véase,* Entradas Num. 46 y 47, SUMAC TPI.
[11] *Véase,* Entradas Núm. 51 y 52, SUMAC TPI.
[12] *Véase,* Entrada Núm. 53, SUMAC TPI.

Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Para determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra,* págs. 59-60. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los

tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente ante nuestra consideración a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir en el dictamen recurrido. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones